UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Nos. 1:05-cv-09 / 1:97-cr-36 |
| | ) | *Edgar* |
| RICHARD STEVE COFFMAN | ) | |

## **MEMORANDUM**

Defendant Richard Steve Coffman ("Coffman") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Court File No. 1]. Coffman was convicted by a jury of one count of Title 21 U.S.C. § 846, conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841. Coffman contends he received ineffective assistance of counsel because counsel failed to supplement his appellate brief with an *Apprendi*[1] claim.[2]

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Coffman was sentenced to a term of imprisonment for 240 months on April 27, 1998. Coffman's judgment was entered on April 28, 1998. Coffman pursued a direct appeal. The United States Court of Appeals for the Sixth Circuit affirmed his judgment on February 23, 2000, and issued its mandate on March 17, 2000. Coffman did not pursue direct review through to a petition for certiorari in the

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2] The Court observes that *Apprendi* was decided after the mandate was issued in Coffman's case. Coffman's mandate was issued on March 17, 2000, and *Apprendi* was decided on June 26, 2000, which was more than three months after Coffman's mandate was issued and more than one month after his ninety days to file a petition for certiorari had expired.

1

Supreme Court of the United States. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, *quoting Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. Rule 13 SUPREME COURT RULES. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Coffman's case was filed on February 23, 2000. Therefore, Coffman's ninety days expired on May 23, 2000, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion began on May 23, 2000, and expired May 23, 2001.

Coffman had one year from the time his judgment of conviction became final to file his § 2255 motion. It appears that Coffman's § 2255 motion was delivered to prison authorities on December 31, 2004. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c), FED. R. APP. P. Therefore, Coffman's motion is treated as filed on December 31, 2004.

Coffman's judgment of conviction became final on May 23, 2000, when the time expired for him to seek Supreme Court review. Consequently, using the date of May 23, 2000, as the starting point for determining when Coffman's judgment became final and the statute of limitations began to run, Coffman's motion is untimely. The one year statute of limitations under § 2255 expired on May 23, 2001. Since Coffman's § 2255 motion was filed on December 31, 2004, it is untimely.

Coffman argues that equitable tolling should apply in his case. A review of the procedural history of the case is necessary to understand Coffman's argument. After Coffman was convicted but prior to his sentencing hearing, trial counsel filed a motion attacking the constitutionality of several prior convictions that would be used to enhance his sentence. The document was titled a habeas corpus petition pursuant to 28 U.S.C. § 2241 and § 2255. Although the petition did not attack the conviction which Coffman now attacks, when he subsequently hired counsel to file a motion under 28 U.S.C. § 2255, counsel filed a motion to file a second or successive petition in the Eleventh Circuit. On March 5, 2001, the Eleventh Circuit returned the motion, unfiled, and notified counsel the Eleventh Circuit lacked jurisdiction to review the case [Court File No. 1, Exhibit C].

Subsequent to the Eleventh Circuit's dismissal of the motion to file a second or successive 28 U.S.C. § 2255 motion, it appears that Coffman filed a motion to file a second or successive 28 U.S.C. § 2255 motion in the Sixth Circuit [Court of Appeals Docket #01-5445]. On September 19, 2001, Attorney Paul W. Laymon, on behalf of the respondent, filed an objection to Coffman's request to filed a second or successive petition and on October 15, 2001, Coffman filed a motion to dismiss which was granted on October 19, 2001 [Court File No. 1, Exhibit D]. Three years later,

Coffman has filed a § 2255 motion, his first § 2255 motion filed in this Court attacking this federal conspiracy conviction.

Coffman argues he has been denied a meaningful review of his federal conspiracy conviction because trial counsel filed a § 2255 motion prior to his sentencing. Coffman is mistaken. Trial counsel's petition did not attack this instant federal conspiracy conviction, but rather, other prior convictions which the government notified Coffman they would use to request an enhanced sentence during his pending sentencing hearing. Consequently, this argument does not provide Coffman any relief because trial counsel did nothing to preclude Coffman from filing a § 2255 motion attacking his federal conspiracy conviction.

Coffman argues trial counsel's error in filing a § 2255 motion merits equitable tolling in this situation. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001). Presumably, Coffman also argues he is entitled to equitable tolling due to post-conviction counsel's error in filing a motion to file a second or successive § 2255 motion in the Eleventh Circuit. In determining whether Coffman has met his burden to invoke the doctrine of equitable tolling in this case, the Court considers the factors set forth in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988): (1) Coffman's lack of notice of the filing requirement; (2) Coffman's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) Coffman's reasonableness in remaining ignorant of the legal requirement for filing these new claims. *See Dunlap v. United States*, 250 F.3d at 1008. Since Coffman has failed to offer any explanation for his delay, waiting over three years from the time the Sixth Circuit granted his motion to dismiss on October 19, 2001, until he filed the instant § 2255 motion on December 31, 2004, the Court finds he has failed to demonstrate that equitable tolling is appropriate in his case.

Accordingly, the time for filing a § 2255 motion in his case was no later than May 23, 2001, which is one year from the date Coffman's judgment of conviction became final. 28 U.S.C. § 2255. Since Coffman's § 2255 motion was filed on December 31, 2004, it is time-barred by the statute of limitations and will be **DISMISSED**.

An appropriate judgment will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE